NO. 07-05-0290-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 6, 2005


______________________________



BROGAN, LTD., a Partnership, and TINA MARIE BROGAN




 Appellants


v.



W. CHARLES BROGAN, III, M.D., Ph.D., P.A., a Professional


Corporation, and WALTER CHARLES BROGAN, III, Individually 




 Appellees


 _________________________________



FROM THE 99th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-518,696; HON. MACKEY K. HANCOCK, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellants appeal from a take-nothing judgment rendered in favor of appellees. The
clerk's record was filed on October 4, 2005 and two supplemental clerk's records were filed
on October 4, 2005 and November 2, 2005. On September 26, 2005, the reporter filed her
first extension request to file the record because of her case load, which request was
granted to October 26, 2005. On November 4, 2005, the reporter filed a second extension
request, and the Court granted it, extending the deadline to November 28, 2005. It also
admonished the reporter that no further extensions would be authorized. However, on
November 30, 2005, a third extension request was filed by the reporter for an additional
30 days, stating she has been unable to complete the record.

 Accordingly, we abate this appeal and remand the cause to the 99th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. why the reporter's record has not been filed,


 when the reporter's record can reasonably be filed in a manner that
does not further delay the prosecution of this appeal or have the
practical effect of depriving the appellants of their right to appeal, and,

 whether an alternate or substitute reporter should or can be appointed
to complete the record in a timely manner. 


 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
December 28, 2005. Should further time be needed by the trial court to perform these
tasks, then same must be requested before December 28, 2005.

 It is so ordered.

 Per Curiam

Do not publish.